

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~RD~~
ATTORNEY GENERAL

Honorable D.C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-5690
Re: Whether S.B. 266, 48th Leg., R.S.
with respect to rentals, applies to
rentals or leases of land in which
no building is involved.

Acknowledgment is herein made of your letter of October 19, 1943, wherein you request a construction of Acts 1943, 48th Legislature, Regular Session, Senate Bill 266, governing rentals with special reference to rentals or leases of land by the Highway Department to be used for temporary erection of State-owned warehouses or for storage space for materials and equipment used by said department in the prosecution of its work.

Senate Bill 266, Sections 1, 2 and 3, provide as follows:

"Section 1. Hereafter all departments and agencies of the State government, when rental space is needed for carrying on the essential functions of such agencies or departments of the State Government, shall submit to the State Board of Control a request therefor, giving the type, kind, and size of building needed, together with any other necessary description, and stating the purpose for which it will be used and the need therefor.

"Sec. 2. The State Board of Control, upon receipt of such request, and if the money has been made available to pay the rental thereon, and if, in the discretion of the Board such space is needed, shall forthwith advertise in a newspaper, which has been regularly published and circulated in the city, or town, where such rental space is sought, for bids on such rental space, for the uses indicated and for a period of not to exceed two years. After such bids have been received by the State Board of Control at its principal office in Austin, Texas, and publicly opened, the award for such rental contract will be made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney General of Texas, who will cause to be prepared and executed in accordance with the terms of the agreement, such contract in quadruplicate one of which will be kept by each party thereto, one by the State Board of Control, and one by the Attorney General of Texas. The parties to such contract will be the department or agency of the government using the space as lessee and the party renting the space as lessor.

Honorable D. C. Greer, page 2 (O-5690)

"Sec. 3. Within thirty days after the effective date of this Act, all departments and agencies of the State Government at this time leasing or renting space from any person, firm, or corporation whomsoever, will cause to be prepared and delivered to the State Board of Control in Austin, Texas, a copy of any written rental or lease agreement now in force and current, or any statement of any oral understanding upon which any lease or rental public funds are being expended, if such action has not already been taken."

In Opinion No. O-5565, this Department advised (the Comptroller) with respect to the construction and application of Senate Bill 266 to storage rentals on automobiles and other commodities, in the course of which opinion, we said:

"The subject matter --- the essence--- of Senate Bill 266 is the 'rental space' when needed by an agency or department of the State government. It contemplates not only the rental contract but it contemplates that the subject matter of the contract --- the space needed --- be the space such as that of a building, room, office, or other quarters, to be occupied by the agency or department, or its employees, in the carrying on of an essential governmental function. In other words, the subject matter of the rental, it is contemplated, will be under the control, for the time being, of the agency or department, as the term 'rental' is generally understood. The word 'rental' is one of a well understood meaning, and presumtively it was so used by the Legislature. Furthermore, this construction comports with the general purpose of the act."

The underscored wording of the above opinion we believe is equally applicable to the facts of this opinion; that is, the "rental space" contemplated by Senate Bill 266 is space within a building, room, office, or other quarters, and it was intended that there be a taking over of said quarters for the occupancy of the agency or department, or its employees, in the carrying on of its essential governmental function.

. Senate Bill 266 provides that when a State department or agency needs rental space to carry on its essential functions, it shall submit to the State Board of Control a request therefor, "giving the type, kind, and size of the building needed, together with any other necessary description . . ." Clearly, whenever the words "rental space" or "space" are used throughout the whole Act, they refer to and contemplte space needed in a building or other like quarters. The said general words "rental space" and "space" as used in the Act are limited and modified by the specific clause in the statute requiring the department needing space to submit a request therefor "giving the type, kind and size of the building needed;" they were not so used as to be construed in their widest sense but should be held as applying only to the thing enumerate, "buildings" or quarters of the same kind and class. Had the Legislature contemplated in its enactment the rental or lease of land as distinguished from the rental of space in a building, it is reasonable to suppose it would have definitely indicated that intention by the employment of words specifically applicable to lands or land space.

Furthermore, the ordinary functions of the great majority of State departments and agencies are not such as will ordinarily clothe them with incidental powers or authority to lease land for the carrying out of their purposes. In the absence of such necessary incidental power, or of a statute vesting authority in the State department or agency to lease or rent land for its governmental purposes, that power remains and lies in the Legislature. Senate Bill 266 confers authority on the State Board of Control to enter contracts for the rental of space. The contract which the State Highway Department contemplates consummating is a lease of land as distinguished from a contract for rental space in a building or like quarters. Applying the common and usual meaning to the words as used in the statute, it is reasonable, we think, to conclude the Legislature did not contemplate the execution of land leases or rentals by the State Board of Control acting for and through the other State departments and agencies.

It is therefore the opinion of this department that Senate Bill 266 does not apply to the renting or leasing of land in which no building is involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Chester E. Ollison

Chester   E. Ollison
Assistant

APPROVED NOV 4, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
CHAIRMAN

CEO:db:egw